### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

<u>Daniel W. Miles, et al.</u>

    v.                                                    Civil No. 05-cv-056-JM

<u>W. John Funk, et al.</u>

### **O R D E R**

Defendants move to compel discovery in response to their Interrogatory No. 4/Request for Production No. D and Interrogatory No. 3/Request for Production No. C.  Plaintiffs object.

I.   <u>Timeliness of Motion</u>.

As an initial matter plaintiffs maintain that the motion should be denied because it was filed on March 1st, the date set forth in the Pretrial Discovery Order as the discovery deadline. Chief Judge McAuliffe has previously ruled that the discovery deadline is the deadline for requesting new discovery but not the deadline to move to compel already requested discovery.  <u>See</u> <u>Gray v. St. Martin's Press</u>, 95-CV-285-M, p.4 (D.N.H. 3/18/97).  This court has consistently followed that determination since then. The motion is timely.

II.    Interrogatory No. 4/Request D.

   Interrogatory No. 4:  Do the plaintiffs claim any inability to fund the pursuit of their alleged claims against VWTOA?  If so, please provide with respect to each plaintiff the following information as of January 1, 2002, January 1, 2003, January 1, 2004, and January 1, 2005:

   a.   A list of assets and their approximate values;
   b.   A list of outstanding liabilities;
   c.   Annual income.

   D.   If the answer to Interrogatory No. 4 is anything other than an unqualified no, any and all financial statements, loan applications, and tax returns of the plaintiffs filed or prepared since January 1, 2002.

Answer to No. 4:

   Subject to and without waiving the foregoing objections, the Plaintiffs state that interrogatory No. 4 is unrelated to in any reasonable way the issues that are before the court.  Further, all maters relating to the payment of attorneys fees or ability to pay attorneys fees may be subject to the Attorney Client Privilege and will not be disclosed.

   Without waiving any Attorney Client Privilege matter the Plaintiffs state that Plaintiffs relied on the financial strength and resources of Clarice Neumann in order to pursue their rights in the Clarice Neumann et al litigation.  Given the scope of that litigation the Plaintiffs could not fund the litigation without the assistance of Clarice Neumann.  Further, Plaintiffs state that the Defendants were made aware of the importance of Clarice Neumann's financial strength during the first meeting between Clarice Neumann, Daniel Miles, Michael Ramsdell and John Funk.  The Plaintiffs object to the Interrogatory No. 4 to the extent it seeks financial information of the Plaintiffs for the years 2002 through 2005.  This request is outrageous, irrelevant, burdensome and inappropriate.

The answer to the interrogatory as well as answers to deposition questions attached to the objection make it clear that plaintiffs have reiterated their inability to pay as they themselves alleged in paragraph 9 of their complaint.  Plaintiffs cannot plead poverty and then refuse discovery to test it.  The motion is granted as to this interrogatory and request. Compliance is due in ten (10) business days.  LR 37.1(b).

III. <u>Interrogatory No. 3/Request C</u>.

<u>Interrogatory No. 3</u>:  Is Clarice Neumann providing funding or any other assistance to the plaintiffs with respect to this action?  If so, please describe in detail.

C.   Any and all documents constituting, or relating or referring to, the funding or any other assistance identified in the response to Interrogatory No. 3.

<u>Answer to No. 3</u>:
Subject to and without waiving the foregoing objections, Plaintiffs state that interrogatory No. 3 is unrelated to in any reasonable way to the issues that are before the court.  Further, all matters relating to the payment of attorneys fees are subject to the Attorney Client Privilege and will not be disclosed.

Plaintiffs' assertion of a lack of relevance is a thundering silence by defendants.  Without a showing of relevance to a claim or defense defendants are not entitled to this discovery.  The motion is denied as to this interrogatory and request.

Since each party has "won" one-half of the dispute neither party is entitled to fees or costs.

**SO ORDERED.**

/s/ James R. Muirhead
James R. Muirhead
United States Magistrate Judge

Date: March 10, 2006

cc:  Evan M. Fray-Witzer, Esq.
     Russell F. Hilliard, Esq.
     Michael C. McLaughlin, Esq.