**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Daniel W. Miles, H. George Hamacher,
Nancy Tavernier

    v.                                      Civil No. 05-cv-56-JM

W. John Funk, Michael Ramsdell,
Gallagher, Callahan & Gartrell, P.A.

**ORDER ON COUNT I OF THE COMPLAINT
AND ORDER TO SHOW CAUSE**

This matter came before the Court on cross motions for summary judgment. After reviewing the parties' submissions, the Court grants the Defendants' motion for summary judgment on Count I of the Complaint. The Court further orders the Plaintiffs to show cause why the remaining Counts in the Complaint ought not be dismissed for failure to meet the amount in controversy requirement for diversity jurisdiction.

Count I of the Complaint attempts to assert a cause of action against the Defendants under 42 U.S.C. § 1983. Section 1983 provides a cause of action for deprivations of federal rights under color of state law. See American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (finding that in order to state a claim under § 1983, plaintiffs "must establish that

they were deprived of a right secured by the Constitution or the laws of the United States, and that the alleged deprivation was committed under color of state law"); see also Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 700-01 (1978) (finding that § 1983 provides a remedy "against all forms of official violation of federally protected rights.").

The Defendants in this case are not state actors, and they did not take any action that can be fairly attributed to the state for purposes of liability under § 1983.  The Court rejects the Plaintiffs' argument that the Defendants "used the official power of the Superior Court of Belknap County" to enforce what the Plaintiffs consider to be "an extraordinarily unfair, deceptive and unconstitutional settlement."  See Pl.'s Mem. in Support of Summary J. Mot. at 25.  There is no dispute that the Defendants withdrew from representing Ms. Clarice Neumann, the petitioner in the Belknap County Superior Court litigation, before the respondents in that case issued subpoenas that compelled Defendants W. John Funk and Michael Ramsdell to testify at a hearing on the respondents' motion to enforce the settlement.  Therefore, the Plaintiffs' allegation that the Defendants used the power of the Superior Court to enforce the

2

settlement is misplaced.  The Court finds that there is no genuine issue as to any material fact, and that the Defendants are entitled to judgment as a matter of law on the Plaintiffs' § 1983 claims under Count I.

Since only Count I asserts a cause of action against the Defendants under federal law, there is no other basis for federal question jurisdiction over this action.  Plaintiffs have further alleged that the court has original jurisdiction over this action based on diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  For diversity jurisdiction to exist, however, the parties must be citizens of different states and the amount in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a)(1).

The Court finds that the Complaint is devoid of any facts that would establish that the amount in controversy meets the requirement for diversity jurisdiction.  Even if the Plaintiffs were able to succeed on the merits of their state law claims, they are only entitled to recover those damages that they suffered individually.  In other words, what is the value of the Plaintiffs' individual claims?  This action is neither a class action, nor a derivative action.  Thus, the Plaintiffs have no standing to recover damages on behalf of the Villages of

Winnipesaukee Timeshare Owners' Association.  Moreover, there is no dispute that the Plaintiffs did not pay the Defendants any legal fees.  Ms. Clarice Neumann is not a party in this action, and the Plaintiffs have not alleged facts that show that they have standing to recover legal fees that Ms. Neumann paid.

The Court orders the Plaintiffs to make a showing in writing, supported by competent evidence, from which the Court may reasonably conclude that it is not a legal certainty that the Plaintiffs' state law claims involve less than the amount required to establish diversity jurisdiction.  The Court orders the Plaintiffs to file their submission within 10 days of the date of this order.  The Defendants may file a response to the Plaintiffs' submission within 10 days thereafter.  If the Plaintiffs fail to show cause for a finding that they meet the amount in controversy requirement for diversity jurisdiction, the remaining state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: May 30, 2006

```
cc:   Evan M. Fray-Witzer, Esq.
      Michael C. McLaughlin, Esq.
      Russell F. Hillard, Esq.
```